FILED
SUPERIOR COURT
OF GUAM

2018 JAN -5 PM 3: 36

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>ROSANNA FRANCINE FERNANDEZ<br>(aka Rosanna Duenas Fernandez; aka Sana),<br>and ELI CHARFAUROS QUINTANILLA,<br><br>Defendants. | Superior Court Case No. **CF0544-17**<br><br>DECISION AND ORDER<br>re<br>MOTION TO DISMISS |

This matter came before the Honorable Elyze M. Iriarte on Defendant Rosanna Francine Fernandez's Motion to Dismiss, filed on November 17, 2017.[1] Co-defendant Quintanilla joined the motion at the December 1, 2017 motion hearing.[2] Having evaluated the applicable law and the parties' arguments, the Court DENIES Fernandez's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Indictment charges both defendants with (1) Fraudulent Use of a Credit Card (as a Third Degree Felony), in violation of 9 GCA § 46.35(d), and (2) Theft of Services (as a Third Degree Felony), in violation of 9 GCA § 43.20(b). According to the Indictment, the amounts involved exceed $500.00, but are less than $1,500.00.

---

[1] Attorney Leevin Camacho represents Fernandez, Attorney Joaquin A. Arriola, Jr. represents Defendant Eli Charfauros Quintanilla; and Attorney Sean E. Brown represents the People of Guam.

[2] Quintanilla asked to submit further briefing, which the Court granted. The Court took the matter under advisement on December 11, 2017, the date Quintanilla's brief was due. Quintanilla did not file written arguments in support of Fernandez's Motion.

ORIGINAL

In general, the People allege that Fernandez fraudulently secured a Pacific Star Hotel room using a credit card that belonged to a third party. According to the Government's discovery, Pacific Star charged $667.28. Mot. Dismiss, Ex. A (Nov. 17, 2017). This amount consisted of $386.28 in room charges and $281.00 for "Guest Room Purchases" and room service. However, according to Fernandez, the evidence indicates she never entered the room. Mot. at 2, Ex. B. On this basis, Fernandez claims that the amounts alleged against the defendants should be segregated, not aggregated. Mot. Dismiss at 2. When separated, the values in controversy would not exceed $500.00.

## II.   LAW AND ANALYSIS

An "indictment which tracks the words of the statute charging the offense is sufficient as long as the words unambiguously set forth all the elements of the offense." *People v. Jones*, 2006 Guam 13 ¶ 23. An indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. ¶¶ 12, 15. When the sufficiency of an indictment is challenged "it is only required that 'the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment.'" *People v. Diaz*, 2007 Guam 3 ¶ 28 (quoting *U.S. v. James*, 980 F.2d 1314, 1317 (9th Cir.1992)).

Here, the Indictment alleges that Fernandez and Quintanilla acted in violation of 9 GCA §§ 46.35(d) and 43.20(b), which require that the amount in controversy exceeds $500.00. Section 46.35 (d) states that "Fraudulent Use" as "[a]n offense under this Section is a felony of the third degree if the value of the property or services secured or sought to be secured by means of the credit card exceeds $500; otherwise it is a misdemeanor." 9 GCA § 46.35(d). Also, Theft of Services "constitutes a felony of the third degree if the amount involved is less than One Thousand Five Hundred Dollars ($1,500.00) but exceeds Five Hundred Dollars ($500.00)." 9

ORIGINAL

GCA § 43.20(b).

After analyzing an analogous case, *People v. Hamilton*, 2016 WL 6651385 (Cal. Ct. App.), the Court rejects Fernandez's argument to segregate the amounts charged. In *Hamilton*, three co-defendants used multiple fraudulent credit cards to purchase gift cards and merchandise at the same mall and on the same date. *Id.* at *1. The prosecution charged each defendant with the sum total amount incurred by all three defendants. *Id.* at *2. One defendant argued that since he was not seen in the same stores where the co-defendants made their purchases, and that he made his purchases alone, the value of the property taken by all three co-defendants should not be aggregated. *Id.* The court rejected this argument because the "defendant had been an aider and abettor who did not need to be present in order to be liable for his co-defendants' takings." *Id.* The Court held the amounts should not be separated because "Defendant arrived at the mall with [co-defendants] . . . possessed a device for extracting information from credit cards and adding information onto credit cards . . . and all three co-defendants made purchases at Macy's using fraudulent credit cards." *Id.* at *5. After the co-defendants made their purchases, "defendant followed them out of the mall and back to their car, which contained additional fraudulent credit cards and debit cards." *Id.* Thus, the evidence supported a finding that the defendant "acted together with his co-defendants, a finding that defendant had knowledge of the codefendants' intent, and a finding that defendant encouraged or facilitated the commission of the codefendants' burglaries, which involved property with a value of over $950." *Id.*

Like the co-defendants in *Hamilton*, the actions of Fernandez and Quintanilla are intertwined. Fernandez obtained the hotel room; Quintanilla ordered services related to that hotel room. As alleged, by using a credit card that did not belong to her, and of which she had no authorization, Fernandez possessed the intent to secure a room without being financially liable

ORIGINAL

for it. Similarly, Quintanilla charged items to the room and to the unauthorized credit card on file, with the intention to not be financially liable. Quintanilla's charges depend on Fernandez's actions to secure the room.

Fernandez and Quintanilla also aided and abetted each other in the same manner as the *Hamilton* defendants. Regardless of who physically ordered services or who ordered additional services, the act stems from Fernandez fraudulently obtaining the hotel room. Even if Fernandez did not enter the room, as *Hamilton* indicates, the defendant "did not need to be present in order to be liable for his co-defendants' takings." 2016 WL 6651385 at *2. Even if Fernandez did not initiate or benefit from the services, she might still be liable since she secured the room to aid and abet Quintanilla's actions.

Moreover, there is evidence that the co-defendants worked in concert to defraud the hotel of a room and services. Fernandez presented the hotel with a credit card that belonged to a third party. When the police entered the room to confront Quintanilla, he attempted to hide a driver license photocopy belonging to that third party. Since Fernandez secured the room from the hotel, but Quintanilla made the charges in the room, the evidence indicates that at some point Fernandez gave Quintanilla access to the room. This is a strong indication that the co-defendants worked in concert. Thus, the Court finds that aggregating the amounts is proper. The necessary facts exist to give the Defendants notice and the aggregate amount is a fair construction of the statute. *See Diaz*, 2007 Guam 3 ¶ 28.

### III.    CONCLUSION AND ORDER

The evidence before the Court indicates that although Fernandez obtained the hotel room and Quintanilla obtained services, they shared the same intent to aid and abet each other. Thus, the Court finds that severing the aggregate value is inappropriate. Since the parties are jointly

ORIGINAL

responsible for the aggregate value and the aggregate value exceeds the $500.00 required by the charges, the Court DENIES the Motion to Dismiss.

Quintanilla has asserted his right to a speedy trial, and 44 days remain on the speedy trial clock. Trial will be held on February 12, 2018, at 9:00 a.m. A Pretrial Conference will be held on February 2, 2018, at 9:30 a.m. and a Status Hearing will be held on January 12, 2018, at 9:30 a.m.

SO ORDERED this 5th day of January 2018.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

1) _____ 2) _Lewin Caralho_

3) _Maglui Amula_ 4) _____

Date: _1/5/18_ Time: _4p_

_____
Deputy Clerk, Superior Court of Guam

ORIGINAL